IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ALONZO TYRONE GRANT                                               PLAINTIFF

v.                         No. 3:16-cv-180-DPM

DAVID CARTER, Sheriff, Greene County;
MIKE RYLES, Lieutenant, Greene County
Sheriff's Office; RANDY SIPES, Captain,
Greene County Sheriff's Office; and
TONY CHARLES ROE, Sergeant,
Arkansas State Police                                             DEFENDANTS

ORDER

1. Motion to proceed *in forma pauperis*, № 4, granted. Grant must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court won't assess an initial partial filing fee because Grant can't afford to pay one. But Grant's custodian must collect monthly payments from Grant's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Grant's behalf must be clearly identified by case name and case number.

2. The Court directs the Clerk to send a copy of this Order to the Sheriff for the Greene County Detention Center, 1809 North Rocking Chair Road, Paragould, Arkansas 72450.

3. The Court must screen Grant's complaint. 28 U.S.C. § 1915A. Grant says he's being falsely imprisoned. He says the Defendants unlawfully searched his house, found drugs, and arrested him. Grant is in the Greene County Detention Center awaiting trial on state charges arising from the incident.

The Court must abstain from proceeding with Grant's federal case because the criminal charges pending against him are ongoing, the state has an important interest in enforcing its criminal laws, and Grant may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). This case will therefore be stayed until there is a final disposition of Grant's pending state charges. *Wallace v. Kato*, 549 U.S.

384, 393-94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

4. In light of the stay, Grant's motion to appoint counsel, № 6, is denied without prejudice as premature.

\* \* \*

This case is stayed pending disposition of Grant's state case. Grant can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Grant doesn't file a timely motion to reopen or a status report by 16 August 2017, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

16 August 2016